UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC - 9 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

|  |  |
|---|---|
| DARRELL WELLINGTON HEWLETT,<br><br>Plaintiff,<br><br>v.<br><br>HARLEY LAPPIN, et al.<br><br>Defendants. | 10 2089<br><br>Civil Action No. 10-_____ (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on review of Plaintiff's pro se complaint and application to proceed in forma pauperis. The application will be granted and the complaint will be dismissed for lack of subject-matter jurisdiction.

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a federal question is presented or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. If proceeding under diversity jurisdiction, diversity must be complete. "Federal diversity jurisdiction is lacking if there are any litigants from the same state on opposing sides." *Prakash v. Am. Univ.*, 727 F.2d 1174, 1178 n.25 (D.C. Cir. 1984). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, formerly incarcerated, asserts that scores of individuals, from the Director of the Federal Bureau of Prisons on down to fellow inmates, conspired to and did "force[] my custody level points up" and "steal[] my sweat pants." Compl. 5–6. Plaintiff names no causes of action and does not identify the source of the Court's jurisdiction. *See* Compl. The only potentially cognizable claim the Court can identify is one under state law for conversion of the sweat pants. Such a claim may be made here only if the Court has diversity jurisdiction. It does not.

Plaintiff is a resident of the District of Columbia. Several defendants are also D.C. residents. The requisite of complete diversity is therefore lacking. Additionally, Plaintiff does not identify the monetary value of the relief sought, and the Court seriously doubts that Plaintiff's pants were worth more than $75,000. The requisite minimum amount in controversy is therefore also lacking.

Accordingly, this case will be dismissed without prejudice. A memorializing order accompanies this memorandum opinion.

Date: 12/3/10

Royce C. Lamberth
United States District Judge